# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LORETO TORRES-OCHOA,**

    **Plaintiff,**

    v.                                       Civil Action 2:18-cv-965
                                          Judge Michael H. Watson
                                          Magistrate Judge Jolson

**MARK A. SERROTT, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

On August 28, 2018, this Court issued an Order finding that Plaintiff's *pro se* motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) was deficient because he failed to include a certified copy of his trust fund account statement in accordance with § 1915(a)(2). (Doc. 3). The Court allowed Plaintiff thirty (30) days to submit a certified copy of his trust fund account statement and warned that his noncompliance would result in a presumption that he is not a pauper. (*Id.* (citing *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997)).

In response, Plaintiff filed a notice with regard to this Court's Order on September 12, 2018. (Doc. 4). Although not entirely clear, Plaintiff's notice seems to assert that the Court's Order is void because "there is no state substantive law which allows the invocation and use of federal remedial law 28 U.S.C. 1915," and that he is "not a prisoner pursuant to 28 U.S.C. 1915(h)." (Doc. 4). It appears, therefore, that Plaintiff essentially maintains that the federal statute does not apply to him because he is being detained at a state correctional institution. His notice further states that the Court "will not receive a prisoner trust fund account statement until [he] has been legally determined that [his] status is that of a prisoner." (*Id.*).

Plaintiff misunderstands 28 U.S.C. § 1915(a). The provision applies to any prisoner filing

an action in federal court, regardless of whether they are a state or federal inmate. *See Hampton v. Hobbs*, 106 F.3d 1281, 1285 (6th Cir. 1997) (holding that "prisoners asserting civil claims in federal court have never been guaranteed a 'free ride'").

Given Plaintiff's misunderstanding of the statutory requirements, the Court issued multiple orders (*See* Docs. 5, 8, 9), giving Plaintiff until November 5, 2018, to correct the deficiency, and advising Plaintiff that his failure to do so would result in this Court's recommendation that he is not a pauper and that this action be dismissed for want of prosecution. *See In re Prison Litig. Reform Act*, 105 F.3d at 1132. As of this date, Plaintiff has failed to file a certified copy of his trust fund account statement in accordance with § 1915(a)(2). Therefore, in accordance with the its previous Orders, the Court **RECOMMENDS** that Plaintiff's action be **DISMISSED** for want of prosecution.

IT IS SO ORDERED.

Date: November 14, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE