UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Loreto Torres-Ochoa,

    Plaintiff,

v.                                  Case No. 2:18-cv-965

Mark A. Serrott, et al.,            Judge Michael H. Watson

    Defendants.                 Magistrate Judge Jolson

## OPINION AND ORDER

Loreto Torres-Ochoa ("Plaintiff") is a prisoner proceeding *pro se*. He seeks to bring a lawsuit against Judge Mark Serrott, David Inshey, and Jay Perez under 42 U.S.C. § 1985(2),(3). ECF No. 1-1. Although not entirely clear, Plaintiff seems to allege that there was a conspiracy to prosecute him as a criminal defendant without formally charging him. *Id.*

On August 28, 2018, Plaintiff filed a motion for leave to proceed in forma pauperis. ECF No. 1. The Court issued an Order notifying Plaintiff that his motion was deficient under 28 U.S.C. § 1915 because Plaintiff failed to include a certified copy of his trust fund account statement in accordance with § 1915(a)(2). ECF No. 3.

On September 12, 2018, Plaintiff filed a notice in response. Plaintiff appeared to argue that the statute does not apply to him because he is not a prisoner pursuant to § 1915(h). ECF No. 4. In an Order on October 16, 2018,

Magistrate Judge Jolson informed Plaintiff that he misunderstood § 1915(a).

ECF No. 5. Magistrate Judge Jolson explained:

> The provision applies to any prisoner filing an action in federal court, regardless of whether they are a state or federal inmate. *See Hampton v. Hobbs*, 106 F.3d 1281, 1285 (6th Cir. 1997) (holding that "prisoners asserting civil claims in federal court have never been guaranteed a 'free ride'"). Thus, as explained in the Court's previous Order, a certified copy of Plaintiff's trust fund account statement is a statutory requirement under 28 U.S.C. § 1915(a). Plaintiff is required to comply with that provision.

*Id.* The Order directed Plaintiff to correct the deficiency by November 5, 2018, and advised him that his failure to do so will result in this Court's recommendation that he is not a pauper and that this action be dismissed for want of prosecution. *Id.* (citing *In re Prison Litig. Reform Act*, 105 F.3d at 1132).

Plaintiff again objected to the Order and again argued that he is not a prisoner stating "The provisions of 28 U.S.C. § 1915 (a) apply to any prisoner, pursuant to 28 U.S.C. §1915(h). Not prisoners by opinion without any fact in support." ECF No. 6. The Undersigned issued an Order overruling Plaintiff's objection noting that Plaintiff argues "that he is not a 'prisoner,' despite the fact that his address is listed as Marion Correctional Institution" and further Plaintiff did not identify "any part of the Magistrate Judge's Order that was clearly erroneous or contrary to law." ECF No. 8. Magistrate Judge Jolson then issued another Order to the Plaintiff to correct the deficiency in his motion and advised Plaintiff for a second time that "his failure to do so will result in this Court's recommendation that he is not a pauper and that this action be dismissed for

want of prosecution." ECF No. 9. Plaintiff did not file his trust fund account statement.

On November 14, 2018, Magistrate Judge Jolson issued a Report and Recommendation (R&R) recommending that Plaintiff's action be dismissed for want of prosecution. ECF No. 10. The R&R explained that given Plaintiff's misunderstanding of the statutory requirements, the Court issued multiple Orders notifying Plaintiff of the deficiency and advising Plaintiff that his failure to do so would result in the Magistrate Judge's recommendation that he is not a pauper and that the action would be dismissed for want of prosecution. *Id.*

On November 21, 2018, Plaintiff filed an objection to the R&R. ECF No. 10. In his objection Plaintiff argues that the decisions of the Marion Correctional Institution and the Franklin County Court of Common Pleas are not entitled to full faith and credit under 28 U.S.C. § 1738. In light of Plaintiff's objection, the Court will conduct a *de novo* review of the Magistrate Judge's R&R. *See* Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

"When a prisoner files a complaint in the district court, the inmate must either pay the filing fee, or request leave to proceed in forma pauperis 'without prepayment of fees or security therefor.'" *In re Prison Litig. Reform Act*, 105 F.3d at 1131. If a prisoner seeks to proceed in forma pauperis, then the prisoner must submit to the court, among other things, "a certified copy of [his] trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

period immediately preceding the filing of the complaint." 28 U.S.C. § 1915 (a)(2). The Sixth Circuit requires a district court to dismiss a case for want of prosecution if, after being notified by the court, an inmate fails to pay the full filing fee or provide an affidavit of indigency and trust fund account statement. *In re Prison Litig. Reform Act*, 105 F.3d at 1132.

Here, Plaintiff filed a motion to proceed in forma pauperis but did not provide the certified copy of his trust fund account statement. Plaintiff was notified of the deficiency on three separate occasions but failed to correct it. Instead Plaintiff appeared to argue that the requirement does not apply to him because he is not a prisoner.

It is not clear how Plaintiff's full faith and credit argument relates to his objection to the Court's Orders and his refusal to comply with § 1915. In any event, Plaintiff's disagreement with actions that occurred in the state case that resulted in his incarceration does not alter his status as a prisoner for purposes of § 1915. Section 1915(h) states:

> As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Plaintiff is currently an inmate at Marion Correctional Facility. Plaintiff's address is listed as Marion Correctional Institution and an inmate search in the Ohio Department of Rehabilitation & Correction's database confirms that Plaintiff is currently incarcerated at Marion Correctional Institution. Accordingly, Plaintiff is a

prisoner under § 1915(h) and the requirements of § 1915(a)(2) apply to him. To the extent that Plaintiff objects to the application of the provision because he is a state prisoner rather than a federal prisoner, the requirement applies to any prisoner filing an action in federal court, regardless of whether they are a state or federal inmate. *Id.*

Despite receiving several Orders to correct the deficiency and multiple warnings that failure to do so would result in the action being dismissed for want of prosecution, Plaintiff has failed to comply with Court Orders. Plaintiff has not filed a certified copy of his trust fund account statement in accordance with § 1915(a)(2).

Accordingly, Plaintiff's objection is **OVERRULED**, and the R&R is **AFFIRMED** and **ADOPTED**.[1] The Court **DISMISSES** this case **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In Plaintiff's objection to the R&R he also moves under Federal Rule of Civil Procedure 60(a) to correct an error in the filing of his complaint. Plaintiff states that the docket shows this case is brought under 42 U.S.C. § 1983, Prisoner Civil Rights Action, but argues that it should instead be classified as a 42 U.S.C. § 1985 (2),(3) complaint against persons. In light of the Court's adoption of the R&R dismissing the case, the Court need not rule on Plaintiff's Rule 60(a) motion.